Douglas J. Campion (SBN – 75381)
doug@djcampion.com
LAW OFFICES OF DOUGLAS J. CAMPION, APC
17150 Via Del Campo, Suite 100
San Diego, California 92127
Tel: 619.299.2091
Fax: 619.858.0034

*Counsel for Plaintiff and the Putative Class*

[Additional counsel appear on the signature page.]

# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN TEAGUE, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>LYFT, INC., a Delaware corporation,<br><br>*Defendant.* | Case No.: **'16 CV 1768 BTM MDD**<br><br>**CLASS ACTION**<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>(1) Violations of 47 U.S.C. § 227; and<br>(2) Violations of Cal. Bus. & Prof. Code §§ 17200, *et seq.*<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Bryan Teague brings this Class Action Complaint and Demand for Jury Trial against Defendant Lyft, Inc. to stop its practice of sending unsolicited and unwanted text message advertisements to the cellular telephones of consumers nationwide and to obtain redress for all persons injured by its conduct. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and

experiences, and, as to all other matters, upon information and belief, including investigation by his attorneys.

## NATURE OF THE ACTION

1. Lyft operates one of the largest transportation services in the United States that facilitates 'peer-to-peer ridesharing' by connecting passengers with drivers.

2. In an attempt to recruit drivers for its ridesharing service and otherwise promote its mobile application, Lyft made (or directed to be made on its behalf) unsolicited text message calls to the cellular telephone numbers of consumers throughout the country. Lyft did not obtain prior express consent from such consumers to make the text message calls and, therefore, violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") and California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* ("UCL").

3. The TCPA was enacted to protect consumers from unsolicited and unwanted calls, exactly like those alleged in this case. Lyft made these text message calls despite the fact that neither Plaintiff nor the other members of a putative Class of consumers (defined below) provided Lyft their prior express consent to receive such text messages. Similarly, the UCL was enacted to protect California consumers from unfair and unlawful methods of competition, such as unsolicited and unlawful text messages made in violation of the TCPA.

4. By making the text message calls at issue, Lyft has violated the privacy and statutory rights of Plaintiff and the Class and caused them to suffer actual harm, not only by subjecting them to the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited text messages, but also because consumers frequently have to pay their wireless providers for the receipt of such unauthorized text messages.

5. In response to Lyft's unlawful conduct, Plaintiff brings the instant lawsuit and seeks an injunction requiring Lyft to cease all unsolicited text messaging

activities, as well as an award of actual and statutory damages to the members of the Class, together with costs and reasonable attorneys' fees.

### PARTIES

6. Plaintiff Bryan Teague is a natural person and citizen of the State of California, and resides in this District.

7. Defendant Lyft, Inc. is a corporation existing under the laws of the State of Delaware, with its headquarters located at 568 Brannan Street, San Francisco, California 94107. Lyft conducts business throughout this District, the State of California, and the United States.

### JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as this case arises under the TCPA, which is a federal statute. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a) because those claims are so related to his federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

9. This Court has personal jurisdiction over Defendant because it conducts significant business transactions within this District, solicits consumers in this District, and because Defendant made and continues to make unsolicited text message calls to consumers located in this District.

10. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant conducts significant business transactions in this District, solicits consumers in this District, and because Defendant makes unsolicited text message calls to consumers located in this District. Venue is additionally proper because Plaintiff Teague resides in this District.

### COMMON FACTUAL ALLEGATIONS

11. Given the relatively low cost associated with sending bulk text messages, many companies have turned to disseminating advertisements or promotions through mass text message campaigns.

12. Seeking to recruit drivers and otherwise market its ridesharing service, Lyft decided to engage in this especially invasive form of advertising.

13. For instance, on or around March 23, 2016, Lyft sent (or caused to be sent) an unsolicited and unwanted generic text message advertisement to Plaintiff Teague's cellular telephone encouraging him to become a Lyft driver (the "Promotional Text Message"). The Promotional Text Message originated from a phone number—619.214.0934—that Plaintiff did not recognize or know. The body of the text message read:

> Earn $$ working YOUR own hours.
> Just want the quick $750 bonus?
> Sign now to drive Lyft! Let's both
> get a bonus! Reply YES & start 2day.
> Reply stop 2b removed.

14. Each Lyft Promotional Text Message received by Plaintiff and the other putative Class members were virtually the same inasmuch as they all contained solicitations encouraging the recipients of the messages to sign up for Lyft, become drivers, and receive bonuses (paid by Lyft) for doing so.

15. Lyft created the promotional text message campaign at issue and maintained exclusive control over the manner and means by which such text messages were sent.

16. Plaintiff and members of the putative Class did not consent to, request, or otherwise desire or permit Lyft to transmit the Promotional Text Messages to their cellular telephones.

17. Lyft did not obtain consent from Plaintiff or the putative Class to make promotional text message calls to their cellular telephones.

CLASS ACTION COMPLAINT    4

18. The Lyft Promotional Text Messages alleged herein were not initiated by any other consumer and were solely made by Lyft.

19. Lyft made, or had made on its behalf, the same (or substantially the same) text message calls *en masse* to thousands of cellular telephone numbers.

20. On information and belief, Lyft made these text message calls to Plaintiff and putative Class members using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers.

## CLASS ALLEGATIONS

21. **Class Definitions**: Plaintiff Teague brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of himself and a class and subclass, defined as follows:

> **Class**: All persons in the United States who received one or more of the Lyft Promotional Text Messages on their cellular telephones from (or on behalf of) Defendant Lyft, Inc.
>
> **California Subclass**: All members of the Class who reside in the State of California.

The following are excluded from the Class and California Subclass (collectively the "Class," unless otherwise indicated): (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

22. **Numerosity**: The exact numbers of Class members are unknown at this

time, but it is clear that individual joinder is impracticable. Defendant sent the Promotional Text Messages to thousands of consumers who fall into the definitions of the Class and California Subclass. Class members can be identified through Defendant's records.

23. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

**The Class**:

(a) Whether Defendant's conduct violated the TCPA;

(b) Whether Defendant sent (or had sent on its behalf) the Promotional Text Messages using an automatic telephone dialing system ("ATDS"), as contemplated by the TCPA;

(c) Whether Defendant systematically sent (or had sent on its behalf) the Promotional Text Messages to persons who did not previously provide it with prior express consent to receive such messages; and

(d) Whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

**The California Subclass**:

(a) Whether Defendant systematically sent (or had sent on its behalf) the Promotional Text Messages to persons who did not previously provide it with prior express consent to receive such messages;

(b) Whether Defendant's conduct constitutes unfair and/or unlawful business practices under the UCL; and

(c) Whether Plaintiff and the members of the California Subclass are

entitled to injunctive relief, restitution, and attorneys' fees and costs.

24. **Typicality**: Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the Class members sustained damages arising out of Defendant's uniform wrongful conduct and unsolicited text messaging calls.

25. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex class actions. Plaintiff has no interests antagonistic to those of the Class and California Subclass, and Defendant has no defenses unique to Plaintiff.

26. **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class members and making final injunctive relief appropriate with respect to the Class as a whole. Defendant's practices challenged herein apply to and affect each of the Class members uniformly. Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

27. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy and because joinder of all parties is impracticable. The damages suffered by the individual members of the Class are relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such

individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured.

## FIRST CAUSE OF ACTION
### Violation of 47 U.S.C. § 227
### (On behalf of Plaintiff and the Class)

28. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

29. In an effort to promote its service, Defendant sent unsolicited and unwanted text messages (*i.e.*, the Promotional Text Messages) to Plaintiff's and the Class's cellular telephone numbers without their prior express consent.

30. Defendant sent the Promotional Text Messages to Plaintiff's and the Class's cellular telephones using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and/or receive and store lists of phone numbers, and to dial such numbers *en masse*.

31. Defendant utilized equipment that sent the Promotional Text Messages to Plaintiff and other members of the putative Class simultaneously and without human intervention.

32. By sending the Promotional Text Messages to Plaintiff's and members of the Class's cellular telephone numbers without prior express consent, and by utilizing an ATDS, Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii).

33. As a result of Defendant's unlawful conduct, Plaintiff and the members of the Class suffered actual damages and have also had their rights to privacy adversely impacted. Plaintiff and the Class are therefore entitled to, among other things, a minimum of $500 in statutory damages for each such violation of the

TCPA under 47 U.S.C. § 227(b)(3)(B).

34. Because Defendant's misconduct was willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(b)(3), treble the amount of statutory damages recoverable by Plaintiff and the other members of the putative Class.

35. Additionally, as a result of Defendant's unlawful conduct, Plaintiff and the other members of the Class are entitled to an injunction under 47 U.S.C. § 227(b)(3)(A) to ensure that Defendant's violations of the TCPA do not continue into the future.

### SECOND CAUSE OF ACTION
### Violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*
### (On Behalf of Plaintiff and the California Subclass)

36. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

37. California's UCL protects both consumers and competitors by promoting fair competition in commercial markets for goods and services.

38. To that end, the UCL prohibits any unlawful, unfair, or fraudulent business acts or practices. A business practice need only meet one of these three criteria to be considered unfair competition.

39. An unlawful business practice is one that violates a federal, state, or local law.

40. Defendant engaged in unfair and unlawful business practices, as defined by the UCL, by sending (or having sent on its behalf) unsolicited and unwanted Promotional Text Messages to Plaintiff's and the California Subclass's cellular telephone numbers using an ATDS and without their prior express consent.

41. As described above, Defendant's text messaging practices are unfair business practices because they are contrary to public policy, are oppressive, and cause substantial injury to the call recipients. Defendant's unwanted and unsolicited text message practices are contrary to public policy because they are unlawful under the TCPA and because they gave Defendant an unfair competitive advantage over

business that advertise lawfully (*i.e.*, those who only call or send text message promotions with consent and as authorized).

42. Defendant knew it was sending (or having sent on its behalf) the Promotional Text Messages to Plaintiff and the California Subclass using an ATDS, even though they did not provide it with prior express consent to receive such messages.

43. Defendant's violations of the UCL caused substantial injury to consumers, including Plaintiff and the California Subclass, by knowingly causing their cellular telephone equipment to be accessed without consent, resulting in:

- The diminished value and utility of their telephone equipment and telephone subscription services (*i.e.*, the value of such equipment and services is higher when unencumbered by unwanted text messages, so Defendant's conduct caused Plaintiff and the California Subclass members to overpay and/or to receive less value than what they paid for);

- Additional wear and tear to their telephone equipment, above and beyond what would have occurred absent Defendant's conduct;

- The loss of battery charge (as each battery, when reacting to Defendant's unwanted text messages, must expend and discharge energy in excess of what would otherwise be discharged);

- The reduction in battery longevity (because each charge and discharge cycle causes chemical changes in the active battery material, diminishing each battery's storage capacity, requiring every more frequent recharging, and reducing the ultimate duration of each battery's useful life); and

- The per-kilowatt electricity costs required to recharge the additional battery energy spent as a result of Defendant's unwanted text messages.

44. Each of these harms was felt by Plaintiff and the California Subclass members while residing in California.

45. The injuries caused by Defendant's unfair conduct are not outweighed

by any countervailing benefits to consumers or competition, and the injuries are such that consumers themselves could not have reasonably avoided them.

46. Defendant has also violated the UCL's unlawful prong by violating the TCPA, as described above.

47. Defendant's unlawful and unfair conduct occurred in the course of Defendant's business practices as described above.

48. Pursuant to Cal. Bus. & Prof. Code §§ 17203 and/or 17204, Plaintiff Teague seeks an order: (1) requiring Defendant to cease the unfair and unlawful practices described herein; (2) requiring Defendant to restore to Plaintiff and each California Subclass member any money acquired by means of unfair and/or unlawful competition (restitution); and, (3) awarding reasonable costs and attorneys' fees pursuant to Cal. Code Civ. Proc. § 1021.5.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Bryan Teague, individually and on behalf of the Class and California Subclass, prays for the following relief:

A. An order certifying the Class and California Subclass as defined above, appointing Plaintiff Bryan Teague as the representative of the Class and California Subclass, and appointing his counsel as Class Counsel;

B. An award of actual and statutory damages;

C. A declaratory judgment that Defendant's telephone calling equipment constitutes an ATDS;

D. A declaratory judgment that Defendant's text messaging practices violate the TCPA and the UCL;

E. An injunction requiring Defendant to cease all unsolicited and unlawful text message activities and enjoining Defendant from using automated or computerized telephone calling equipment to place text message calls without consent;

F. An order requiring Defendant to pay restitution for the money and property lost as a result of its unlawful text message activities;

G. An order requiring Defendant to disclose the names of any third-party companies involved in the generation of the text messages alleged herein, along with the terms of any contracts it has with such entities;

H. An order requiring Defendant to permanently cease-and-desist from all unlawful conduct as alleged herein, and otherwise protecting the interests of the Class and California Subclass;

I. An award of reasonable attorneys' fees and costs; and

J. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully submitted,

**BRYAN TEAGUE**, individually and on behalf of all others similarly situated,

Dated: July 7, 16   By: /s/ *Douglas J. Campion*
One of Plaintiff's Attorneys

Douglas J. Campion (SBN – 75381)
doug@djcampion.com
LAW OFFICES OF DOUGLAS J. CAMPION, APC
17150 Via Del Campo, Suite 100
San Diego, California 92127
Tel: 619.299.2091
Fax: 619.858.0034

Benjamin H. Richman*
brichman@edelson.com
Elizabeth Winkowski*
ewinkowski@edelson.com
EDELSON PC
350 North LaSalle Street, 13th Floor
Chicago, Illinois 60654

Tel: 312.589.6370
Fax: 312.589.6378

*Counsel for Plaintiff and the Putative Class*

*Pro hac vice* admission to be sought.